# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1149 TCM |
| | ) | |
| TERRY RUSSELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Rodney Williams (registration no. 1208962)), an inmate at Eastern Reception Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $47.88. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $111.58, and an average monthly balance of $239.38. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $47.88, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged deliberate indifference to his serious medical needs. Named as defendants are Terry Russell (Warden, ERDCC), Unknown Crump (Correctional Officer), Unknown Rowley (same), Unknown Woodruff (Sergeant), Jane Doe (Correctional Officer), John Doe 1 (same), John Doe 2 (same), Unknown Wahler (Sergeant), E. Conley (Administrator, Correctional Medical Services), and Jane Doe (Nurse). Plaintiff seeks monetary relief.

Plaintiff alleges that on June 14, 2010, he went to the medical department via another inmate's wheelchair to declare a medical emergency. Plaintiff was seen by a nurse and ordered to return at 3:00 p.m. Plaintiff was then instructed to return to his cell, but the other inmate had returned to the housing unit with the wheelchair. Plaintiff claims he requested assistance from Rowley to return to his cell, because he was having

difficulty walking, but that Rowley ordered him to return to his cell on his own or Rowley would put him in administrative segregation.

Plaintiff says he tried to walk along the exterior of the building so that he could use it for support and balance. Plaintiff alleges that Rowley followed him and told him that the route could only be used by state employees, and Rowley again threatened to take plaintiff to administrative segregation. Plaintiff claims that defendant Woodruff then approached him and Rowley, and plaintiff says Woodruff also threatened to place him administrative segregation if he did not walk.

Plaintiff alleges that a nurse then approached the three of them and noticed that plaintiff was struggling to walk. Plaintiff claims the nurse reprimanded Rowley and Woodruff and told plaintiff she would get a wheelchair.

On the following day, alleges plaintiff, Crump approached his cell in the afternoon. Plaintiff says Crump approached just as his cellmate was putting his cigarette into the toilet and both men were attempting to get out of the cell with the wheelchair impeding them. Plaintiff says that Crump said to him, "You seem to be doing a lot of dancing around in there Williams."

Plaintiff claims that on June 16, 2010, Crump instructed him to report to medical. Upon arrival, a nurse instructed plaintiff to return the wheelchair because plaintiff had been seen "dancing around" in his cell.

Plaintiff says that at noon his cell was unlocked so that he could go to medical for his medications. Plaintiff refused to go without a wheelchair, because he had a lay-in for one. Plaintiff claims that Defendant Jane Doe Correctional Officer and Wahler told him he would not receive any assistance or a wheelchair. Plaintiff says he then informed a caseworker that he had a lay-in for a wheelchair but that Crump intervened and told him to walk to medical. Plaintiff claims he "stood firm on his medical authorization" and refused to go. Plaintiff states that Crump then placed him in handcuffs.

Plaintiff alleges that Correctional Officers John Doe 1 and John Doe 2 then came to escort him to administrative segregation. Plaintiff says the walk was "excruciating" and that he was only able to move very slow. Plaintiff claims that Nurse Jane Doe saw him having a difficult time walking and told him to "get up" and "stop faking it." Plaintiff alleges that the correctional officers then dragged him the rest of the way and placed him in administrative segregation.

Plaintiff claims that after he arrived in administrative segregation a sergeant informed him that his lay-in for a wheelchair was no longer valid.

Plaintiff alleges that defendant Conley was aware of his grievances but failed to intervene in the situation.

**Discussion**

The complaint survives initial review as to defendants Crump, Rowley, Woodruff, Correctional Officer Jane Doe, John Doe 1, John Doe 2, Wahler, and Nurse Jane Doe. As a result, the Court will order the Clerk to issue process as to defendants Crump, Rowley, Woodruff, and Wahler. Plaintiff may attempt to ascertan the true names of the John Doe defendants through discovery.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Russell or Conley were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $47.88 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Crump, Rowley, Woodruff, and Wahler.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Crump, Rowley, Woodruff, and Wahler shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Russell or Conley because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this <u>20th</u> day of July, 2011.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE