# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| RODNEY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1149 (CEJ) |
| ) | |
| TERRY RUSSELL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion for summary judgment filed by defendants Susan Crump, Rick Rowley, Daniel Woodruff, and John Waller. Plaintiff has not responded to the motion, and the time allowed for doing so has expired.

### I.  Background

Plaintiff, a Missouri inmate, brings this action pursuant to 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs. The defendants are corrections officers who were employed at the Eastern Reception Diagnostic and Correctional Center (ERDCC), the institution where plaintiff was incarcerated during the relevant time period. The following facts are those the Court finds undisputed for purposes of this motion, including facts set forth in defendants' statement of uncontroverted facts that are deemed to be admitted due to plaintiff's failure to controvert them. See E.D.Mo. L.R. 4.01(E).

On June 6, 2010, plaintiff went to the medical unit at ERDCC, complaining of back pain that prevented him from being able to ambulate. He was treated with pain medication and remained in the medical unit until June 9, 2010 when he was

discharged by Dr. Chastain without a medical lay-in for an assistive device.[1] A nurse noted that he was ambulatory and that an assistive device was not necessary.

On June 13, 2010, plaintiff returned to the medical unit and declared that he was having a medical emergency because his "sciatic nerve [was] killing [him]."[2] Plaintiff was given medication by a nurse and was put on the schedule to see Dr. Chastain the following day. The nurse noted that his condition was urgent but non-emergent. After exiting the medical department, defendant Rowley instructed plaintiff to return to his housing unit without a wheelchair. Rowley did not provide plaintiff with an assistive device because no member of the medical staff had given him a medical lay-in. Plaintiff proceeded to walk in an area where he could use the wall for stability. Defendants Rowley and Woodruff instructed plaintiff to move away from the wall because it was reserved for corrections officers. Plaintiff complied.

On June 14, 2010, plaintiff returned to the medical unit for his appointment with Dr. Chastain. Plaintiff requested a wheelchair and Dr. Chastain ordered a medical lay-in for a wheelchair to be used for six weeks. Dr. Chastain opined that plaintiff's back pain was primarily neuropathic from his diabetes.

On June 16, 2010, Dr. Chastain discontinued the medical lay-in for a wheelchair, noting that "Custody reports [plaintiff] is ambulating well." On the same day, plaintiff was instructed by a corrections officer to walk to the medical unit to receive his medication. Plaintiff refused to walk without assistance. Defendant Crump issued plaintiff a conduct violation for creating a disturbance and disobeying an order, and

---

[1] "Medical lay-ins" are physician-issued documents that contain restrictions on an inmate's placement and/or activities because of a medical condition. See Dykes v. Murphy, 4:09-CV-1062 (Mo. Ed. February 25, 2011).

[2] Pursuant to MDOC policy, inmates are permitted to declare themselves as having a medical emergency and will receive immediate triage by a medical staff member.

plaintiff was subsequently assigned to temporary administrative segregation confinement.

Prior to being placed in segregation, plaintiff was examined by a nurse who noted that he had ambulated from his housing unit to the medical department without complaint and that he was medically fit for segregation. Plaintiff exited the medical unit, walked 100 yards, and then sat on the sidewalk asserting that he could no longer walk. When the nurse instructed plaintiff to get up, he complied and walked to his housing unit with "a stooped gait."

In the instant motion, the defendants assert that they are entitled to summary judgment based on qualified immunity or, in the alternative, based on plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit.

## II. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. <u>AgriStor Leasing v. Farrow</u>, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986); <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. <u>United of Omaha Life</u>

Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

### III. Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment extends to protect prisoners from "deliberate indifference to serious medical needs." Gregoire v. Class, 236 F.3d 413, 417 (8th Cir. 2000). In a deprivation of medical care case, the inmate must show (1) an objectively serious medical need and (2) that the defendants actually knew of the medical need but were deliberately indifferent to it. See Grayson v. Ross, 454 F.3d 802, 808-09 (8th Cir. 2006).

A "serious medical need" is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). The second prong requires the plaintiff to "demonstrate [that] the official actually knew of the risk and deliberately disregarded it." Vaughn v. Greene County, 438 F.3d 845, 850 (8th Cir. 2006). "It is not enough that a reasonable official should have known of the risk." Id.; see also Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (finding that for a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence[.]").

"Qualified immunity is a defense available to government officials if they have not violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Amrine v. Brooks, 522 F.3d 823, 831 (8th Cir. 2008).

Qualified immunity determinations are based on a two-part inquiry. First, the court determines whether the alleged facts, viewed in the light most favorable to the injured party, demonstrate that the official's conduct violated a constitutional right. Id.; see also Saucier v. Katz, 533 U.S. 194, 201 (2001). Second, if the answer to that inquiry is in the affirmative, then the court asks whether the constitutional right was clearly established at the time so that a reasonable officer would have understood that his conduct violated that right. Amrine, 522 F.3d at 831.

Defendant Rowley's conduct does not rise to the level of deliberate indifference. Plaintiff was seen by a nurse for complaints of back pain. A nurse provided plaintiff with pain medication and scheduled him to see a doctor the following day. The nurse, in her discretion, did not issue a temporary medical lay-in for an assistive device. Therefore, when plaintiff exited the medical unit, defendant Rowley did not act inappropriately when he instructed plaintiff to return to his housing unit without a wheelchair.

Similarly, defendant Woodruff did not act with deliberate indifference when he instructed plaintiff to stop walking in an area reserved for prison staff. Although plaintiff asserted that he was using the wall for stability, he had just been discharged from the medical unit and was not provided with a medical lay-in that would have required defendant Woodruff to provide plaintiff with an assistive device for ambulation. Therefore, plaintiff was not suffering from a serious medical condition that was disregarded by defendant Woodruff.

Plaintiff's claim against Crump is that she caused his wheelchair to be taken away from him on June 16, 2010 by reporting that she had seen plaintiff "dancing around" in his cell. There is no evidence in the record reflecting that Crump made such a report. However, even if she had, it was ultimately Dr. Chastain who discontinued

the medical lay-in. Medical professionals, not corrections officers, have the authority to issue and remove medical lay-ins. See <u>Dykes</u>, 4:09-CV-1062. Therefore, there is no evidence that Crump disregarded a serious medical condition.

Likewise, defendant Waller did not act with deliberate indifference when he instructed plaintiff to walk to the medical unit without an assistive device on the same day his medical lay-in was revoked. Plaintiff had been receiving treatment from Dr. Chastain for back pain and Dr. Chastain was the individual who discontinued the lay-in. Waller had no authority to issue plaintiff a wheelchair and was taking proper direction from the medical unit.

Finally, plaintiff has failed to properly exhaust his administrative remedies, which warrants automatic dismissal. See <u>Hammett v. Lombardi, et al.</u>, 2013 U.S. App. LEXIS 2390, *1 (8th Cir. 2013) (citing <u>Woodford v. Ngo</u>, 548 U.S. 81, 90-91 (2006)). Under the Prison Litigation Reform Act, inmates shall not bring a § 1983 claim until all available administrative remedies are exhausted. 42 U.S.C. § 1997e(a). The MDOC has a policy which requires an inmate to file a complaint, otherwise known as an Informal Resolution Request (IRR), within fifteen days of the incident. See <u>Foulk v. Charrier</u>, 262 F.3d 687, 694 (8th Cir. 2001). The record reflects that plaintiff filed his IRR on July 9, 2010, twenty-three days after June 16, 2010, which is the date plaintiff claims the last violative incident occurred. Accordingly, because plaintiff did not timely commence the grievance process, he does not have § 1983 claim for relief.

\* \* \*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the defendants' motion for summary judgment [Doc. #36] is **granted**.

Judgment in favor of the defendants will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of September, 2013.